UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES WILLIAM BURCHARD,

        Plaintiff,

    v.                                            Case No. 20-C-231

WISCONSIN DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff James William Burchard, who is currently serving a state prison sentence at Racine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. In a previous order, the court dismissed Plaintiff's complaint for failing to state a claim and directed Plaintiff to file an amended complaint curing the defects in the original. On April 3, 2020, Plaintiff filed an amended complaint. The court will now screen the amended complaint pursuant to 28 U.S.C. § 1915A.

### SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v.*

*Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). In his complaint, Plaintiff claims that from December 28, 2019 through March 24, 2020, the Health Services Unit, its staff, and management intentionally refused Plaintiff medical evaluations after being informed of his disabilities. Although pro se filings are to be read liberally, Plaintiff's amended complaint does not provide enough facts to determine whether he states a claim upon which relief can be granted. Although Plaintiff alleges that he informed staff of his disabilities, he does not allege what his disabilities are, that he requested to be seen by medical staff, or what injury he suffered as a result of not receiving a medical evaluation. In other words, the amended complaint does not allow any of the

2

named defendants or the court to understand what they are alleged to have actually done or not done that caused him injury. Plaintiff needs to tell the court and the defendants the who, what, when, and where of his claim, and what injury or damage the defendants' actions actually caused the plaintiff. The essential function of a complaint is to provide such notice, *see* Federal Rule of Civil Procedure 8(a), and the defendants should not be forced to incur the cost of defending themselves in a federal lawsuit absent some indication that the plaintiff has a cognizable federal claim and enough information so they know what his claim is about.

Therefore, if Plaintiff wishes to proceed, he must file an amended complaint that clearly sets forth the who, what, when, and where of what he alleges occurred by **July 3, 2020**. Failure to do so will result in the dismissal of this action. Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED** that Plaintiff's amended complaint (Dkt. No. 9) is **DISMISSED**. Plaintiff must file an amended complaint on or before **July 3, 2020**.

Dated at Green Bay, Wisconsin this 6th day of April, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court
