UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES WILLIAM BURCHARD,

    Plaintiff,

    v.                                                                       Case No. 20-C-231

DR. JUSTIN WOODS, et al.,

    Defendants.

## DECISION AND ORDER

    Plaintiff James William Burchard, who was serving a state prison sentence at the time he filed this 42 U.S.C. § 1983 action, alleges that Defendants Dr. Justin Woods and RN Jerilyn Taylor were deliberately indifferent to his serious medical needs when they ignored his numerous requests for evaluation of his back injuries, advanced arthritis, and chronic pain. This matter comes before the Court on Dr. Woods' motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) for Burchard's failure to prosecute this action. For the following reasons, the motion will be granted.

    Pursuant to Rule 41 of the Federal Rules of Civil Procedure, a court may dismiss an action for failure to prosecute or failure to comply with an order of the court. Fed. R. Civ. P. 41(b). "Dismissal is a very harsh sanction, however, and should be used 'only in extreme situations, when there is a clear record of delay or contumacious conduct.'" *Williams v. Chi. Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1988) (quoting *Ladien v. Astrachan*, 128 F.3d 1051, 1056 (7th Cir. 1997)). Dismissal has been deemed to be an appropriate sanction when a plaintiff has committed ongoing discovery violations and has failed to comply with court-ordered discovery deadlines. *See Salata v. Weyerhaeuser Co.*, 757 F.3d 695 (7th Cir. 2014).

In this case, Burchard has failed to timely respond to Dr. Woods' discovery requests, which were served on November 6, 2020, even though he has had ample time to do so. Dr. Woods' counsel attempted to obtain Burchard's discovery responses without court intervention. When Burchard did not respond to counsel's correspondence, Dr. Woods filed a motion to compel. The Court granted the motion on January 7, 2021, and directed Burchard to respond to Dr. Woods' discovery requests within seven days. The Court advised that Burchard's failure to respond to the discovery requests may result in the dismissal of the action. On January 20, 2021, Dr. Woods filed a motion to dismiss indicating that, although Burchard mailed him an incomplete medical authorization form, Dr. Woods has not received Burchard's responses to his discovery requests. Burchard did not respond to either the motion to compel or the motion to dismiss.

Burchard's failure to respond to Dr. Woods' discovery requests and to comply with the Court's orders has resulted in modifications to the scheduling order and has delayed the litigation of this matter. Burchard's inaction constitutes contumacious conduct. Although Dr. Woods only requests that the claims against him be dismissed, there is no reason to believe that Burchard is actively litigating his claims against Nurse Taylor. Therefore, this action is dismissed based on Burchard's failure to prosecute.

**IT IS THEREFORE ORDERED** that Dr. Woods' motion to dismiss (Dkt. No. 45) is **GRANTED**. This action is **DISMISSED WITH PREJUDICE**. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 19th day of February, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

2

Case 1:20-cv-00231-WCG   Filed 02/19/21   Page 2 of 2   Document 51